COURT OF APPEALS OF VIRGINIA


Present:  Judge Humphreys, Senior Judges Hodges and Overton
Argued at Chesapeake, Virginia


MICHAEL CHARLES COOKE
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 1603-99-1           JUDGE WILLIAM H. HODGES
                                          MAY 30, 2000
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
                     Wilford Taylor, Jr., Judge

          Stephen K. Smith for appellant.

          Shelly R. James, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     Michael Charles Cooke (appellant) appeals his convictions for

grand larceny and theft of a firearm in violation of Code

§ 18.2-108.1.  Appellant contends that the trial court's error in

admitting evidence of a statement made to police by a

non-testifying alleged accomplice did not constitute harmless

error beyond a reasonable doubt.  We disagree and, therefore,

affirm appellant's convictions.

     The Commonwealth conceded and we agree that in light of the

United States Supreme Court's holding in Lilly v. Virginia, 527

U.S. 116 (1999), the trial court erred in admitting into evidence

against appellant the non-testifying alleged accomplice's

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

statement to the police.  However, we find that such error was harmless beyond a reasonable doubt.

"A federal constitutional error is harmless, and thus excusable, only if it appears 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'"  Quinn v. Commonwealth, 25 Va. App. 702, 719, 492 S.E.2d 470, 479 (1997) (citations omitted).  Here, in finding appellant guilty, the trial judge specifically stated that he did not consider the non-testifying accomplice's statement.

Taking the evidence in the light most favorable to the Commonwealth, it established that on May 21, 1998, several persons including appellant visited Michelle Wiltshire at her home.  While there, appellant saw a person named "Jamal" steal a pager.  Immediately thereafter, appellant left Wiltshire's house and went across the street to Chris Ru's house.  Ru told appellant that he was going to call Wiltshire and ask her to come over to his house so that the others could steal a gun from Wiltshire's house.

Wiltshire received a telephone call from Ru, and, as a result, she left her house and went across the street to Ru's house.  Wiltshire asked appellant, who was still at Ru's house, "to watch them" while she was at Ru's house.  Appellant agreed to do so and returned to Wiltshire's house.  Appellant knew at that time that Wiltshire's friends intended to steal property from her house while she was gone and did not tell her.

-

While Wiltshire was at Ru's house, Justin Sanchez, Curtis Williams, and Chad McSweeny took property from Wiltshire's mother's bedroom while appellant watched. The items taken included jewelry, a cell phone, two pagers, a stun gun, and a .357 Magnum Smith & Wesson revolver, having a total value in excess of $6,000. Some of the jewelry was later recovered from the Sanchez home.

Appellant did not tell Wiltshire about the theft. However, when questioned by the police several days later, appellant was able to identify where several of the stolen items were located.

> "A principal in the second degree is one not the perpetrator, but present, aiding and abetting the act done, or keeping watch or guard at some convenient distance." . . . The defendant's conduct must consist of "inciting, encouraging, advising or assisting in the [crime]." It must be shown that the defendant procured, encouraged, countenanced, or approved commission of the crime. "To constitute one an aider and abettor, he must be guilty of some overt act, or he must share the criminal intent of the principal."

Rollston v. Commonwealth, 11 Va. App. 535, 539, 399 S.E.2d 823, 825 (1991) (citations omitted); see Code § 18.2-18 (in felony cases, except most capital murders, principal in second degree may be indicted, tried, convicted and punished in all respects as if principal in first degree).

Appellant admitted knowing the plan to steal items from Wiltshire's home when he returned to her house, yet he failed to tell Wiltshire about it. In addition, he admitted he was

-

present and watched while the others took the items, thereby approving of the principals' actions and sharing in their criminal intent.  In addition, he was aware of the location of some of the stolen items after the theft.  Based upon this evidence, without taking the accomplice's statement into consideration, the trial court could conclude beyond a reasonable doubt that appellant was guilty of grand larceny and theft of a firearm as a principal in the second degree.

Accordingly, because the trial court's admission of the accomplice's statement did not contribute to the verdict obtained, it was harmless error, and we find that the evidence was sufficient to prove beyond a reasonable doubt that appellant was guilty of grand larceny and theft of a firearm.  Therefore, we affirm appellant's convictions.

Affirmed.